UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHAD ANDERSON (#366984)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 14-341-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 9, 2014.

                                        STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHAD ANDERSON (#366984)

VERSUS                                               CIVIL ACTION

N. BURL CAIN, ET AL                                  NUMBER 14-341-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Chad Anderson.

For the reasons which follow, the petition should be dismissed as untimely.

**I. Background**

Petitioner was found guilty of one count second degree murder in the Eighteenth Judicial District Court for Iberville, Louisiana on June 1, 2006.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Chad G. Anderson,* 2006-1542 (La. App. 1st Cir. 2/14/07), 949 So.2d 676 (Table). Petitioner sought supervisory review in the Louisiana Supreme Court which denied review.[1] *State of Louisiana ex rel.*

---

[1] Petitioner asserted two assignments of error on direct appeal: insufficient evidence to support the conviction and an improper jury charge on the use of prior inconsistent statements

(continued...)

*Chad G. Anderson v. State of Louisiana*, 2007-0751 (La. 9/18/09), 17 So.3d 393.

Petitioner signed an application for post-conviction relief ("PCRA") on June 6, 2011 and it was filed on June 20, 2011. The trial court denied the PCRA on June 21, 2011, specifically denying the PCRA as untimely.

Petitioner sought review in the Louisiana First Circuit Court of Appeal and the appellate court denied review specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana v. Chad Anderson*, 2011-1734 (La. App. 1st Cir. 12/19/11).

Petitioner sought review in the Louisiana Supreme Court, which denied review on August 22, 2012, specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana ex rel. Chad Anderson v. State of Louisiana*, 2012-0215 (La. 8/22/12), 97 So.3d 365.

Petitioner filed a second application for supervisory review in the Louisiana Supreme Court on January 23, 2012. The Louisiana Supreme Court once again denied review specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana ex rel. Chad Anderson v. State of Louisiana*, 2013-1967 (La. 3/21/14), 135 So.3d 612.

Petitioner signed his federal habeas corpus application on May 21, 2014, and it was filed on May 29, 2014. Petitioner asserted two grounds for relief: (1) trial counsel was ineffective for not

---

[1](...continued)
for impeachment. Both assignments of error were determined to be without merit.

challenging an erroneous jury charge on the use of prior inconsistent statements as impeachment evidence, and (2) appellate counsel was ineffective for not asserting an ineffective assistance of trial counsel claim based on the failure to challenge the erroneous jury charge.

## II. Applicable Law and Analysis

### A. Timeliness

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998). A court must look to state law to determine

whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on December 17, 2009.[2]

---

[2] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches
(continued...)

From December 17, 2009, the date the petitioner's conviction became final, until June 6, 2011, the date the petitioner filed his PCRA, more than one year (over 17 months) of the limitations period elapsed. By the time the petitioner filed his PCRA, the time for filing a federal habeas corpus application had already expired. Petitioner's federal habeas corpus application was not timely filed.

There is no basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*,

---

[2](...continued)
the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

5

184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

Petitioner argued that he is entitled to review under the rule set in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911 (2013). These cases hold that, under certain circumstances, state law procedural default of a substantive claim of ineffective assistance of trial counsel may be excused if counsel was not provided or was ineffective during initial-review collateral proceedings. *See Trevino*, 133 S.Ct. at 1914-15. These decisions address overcoming a procedural default; they do not provide any basis for **tolling** the § 2244(d) time limit in this case.[3]

---

[3] As noted above, the petitioner raised his erroneous jury charge claim on direct appeal. Although the Louisiana First Circuit Court of Appeal noted that trial counsel did not object to the challenged jury charge, it nonetheless throughly addressed the
(continued...)

6

**B. Actual Innocence Tolling**

In his Memorandum in Support of Petition for Writ of Habeas Corpus, the petitioner argued that, "[a]s discussed below, his filing is timely because petitioner makes a claim of actual innocence." However, the petitioner did not further address an actual innocence claim.[4]

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court resolved a circuit split by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)).[5]

---

[3](...continued)
claim and ruled that the claim was not only without merit, it was baseless, and that the charge given actually inured to the petitioner's benefit and to the detriment of the prosecution. Consequently, any failure of trial counsel to object to the challenged jury charge did not prejudice the petitioner, and therefore it could not form the basis of a claim of ineffective assistance of either trial counsel or appellate counsel. To overcome a state court procedural default, *Martinez* requires the petitioner to also demonstrate that the underlying ineffective-assistance-of-counsel claim is substantial. *Martinez v. Ryan*, 132 S.Ct. at 1318. Clearly, the petitioner has not done so.

[4] Record document number 1-1, p. 7 (document p. 9).

[5] "Actual innocence" is not a free-standing ground for habeas corpus relief. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006)([A]ctual-innocence is *not* an independently cognizable federal-habeas claim."); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250 (2001); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003).
(continued...)

7

*McQuiggin* held that a petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). *McQuiggin* held that unjustifiable delay on the part of a habeas petitioner, while not to be viewed as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id*.

To open the gateway to federal habeas review a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518,

---

[5](...continued)
"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 40, 113 S.Ct. 853, 862 (1993)(citing *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759 (1963)). The Supreme Court reaffirmed in *McQuiggin*, 133 S.Ct. at 1931, that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence.

537, 126 S.Ct. 2064, 2077 (2006), *citing Schlup v. Delo*, 513 U.S. 298, 299, 324-29, 115 S.Ct. 851, 854, 865-868 (1995).

But "the habeas court's analysis is not limited to such evidence." *Id.* Rather, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under the rules of admissibility that would govern at trial." *Id.* at 538, 126 S.Ct. at 2077 (internal quotation marks and citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *Schlup*, at 329, 115 S.Ct. at 851.

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *House, supra,* at 538, 126 S.Ct. at 2077. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong - and in the vast majority of the cases conclusive - presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005). Put

9

differently, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329, 115 S.Ct. at 868.

The petitioner cited no new evidence which, when considered with the evidence admitted at the trial, would be sufficient to find that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" of the substantive offense of second degree murder. Indeed, other than declaring that he is actually innocent, the petitioner came forward with no new evidence whatsoever. Therefore, the petitioner has not overcome the expiration of the AEDPA statute of limitations by a showing actual innocence.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Chad Anderson be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, December 9, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE